United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARILYN R. PICKAREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-901 |
| | § | |
| BRIAN KIM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Marilyn Pickaree filed this action in state court, representing herself.  She alleges that she received a receipt from Brian Kim's store, Beauty Sensation 1 LLC, that violated the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g), when she purchased a hair care item on August 14, 2020, using her Mastercard.  (Docket Entry No. 1-2 at ¶¶ 2, 3, 38).  The receipt contained her name, her card's expiration date and issuer, and the first digit and last four digits of her card number.  (*Id.* at ¶ 38).  The Fair and Accurate Credit Transactions Act has a "truncation requirement" that provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1).  The Act creates a cause of action against persons who negligently or willfully fail to comply with its requirements.  15 U.S.C. §§ 1681o, 1681n.  The first digit, Pickaree acknowledges, merely identifies the issuer of the card.  (Docket Entry No. 1-2 at ¶ 38).

Pickaree sued Kim, Mastercard Incorporated, Mastercard International, Inc., Mastercard Technologies, LLC (together, "Mastercard"), PayPal Asset Management, Inc., PayPal Data Services, Inc., and PayPal Holdings, Inc (together, "PayPal").  (Docket Entry 1-2).

Mastercard has moved for a judgment on the pleadings.  (Docket Entry No. 4).  Pickaree has responded in a document titled, "Reponse to Defendants' Original Answer," and Mastercard has replied.  (Docket Entry Nos. 6, 11).  Pickaree responded to that reply.  (Docket Entry No. 14).

Kim has also moved to dismiss.  His motion is based on lack of subject-matter jurisdiction under Rule 12(b)(1), and in the alternative, for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Entry No. 16).  Pickaree has responded.  (Docket Entry No. 20).

PayPal has moved to compel arbitration of all claims between Pickaree and PayPal.  (Docket Entry No. 18).  Pickaree has filed a response in support of arbitration against all defendants.  (Docket Entry No. 27).  Kim and Mastercard responded, clarifying that arbitration should apply only to the claims between Pickaree and PayPal.  (Docket Entry Nos. 30, 33).  PayPal has replied.  (Docket Entry No. 32).

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants PayPal's motion to compel arbitration as to the claims between Pickaree and PayPal.  The court grants Kim's motion to dismiss because Pickaree has not stated a claim over which this court has jurisdiction.  The same reasoning applies to Pickaree's claims against Mastercard.  Mastercard's motion for judgment on the pleadings is moot.

The reasons are explained below.

## I.    The Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction.  "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case."  *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 593 (W.D. Tex. 2019) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*,

143 F.3d 1006, 1010 (5th Cir. 1998)).  Lack of subject matter jurisdiction may be found in any one of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation omitted).  The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"The filings of a *pro se* litigant are to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted).  But "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). The Rule 12(c) standard is the same as that under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

## II.    Analysis

### A.    Arbitration

PayPal argues that Pickaree's claims against it are subject to arbitration and should be dismissed.  Pickaree agrees but argues that the claims subject to arbitration should include her claims against Kim and Mastercard.  Kim and Mastercard disagree.

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, if a suit is brought on an issue "referable to arbitration under an agreement in writing for such arbitration," the court must, on the request of a party, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.

To determine whether a dispute is arbitrable under the Federal Arbitration Act, the court must determine: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  *Gross v. GGNSC Southaven, LLC*, 817 F.3d 169, 176 (5th Cir. 2016) (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 418–19 (5th Cir. 2006)); *Gezu v. Charter Commc'ns*, 17 F.4th 547, 552–53 (5th Cir. 2021).

PayPal has submitted evidence showing that (1) all PayPal users must consent to its terms and conditions and that (2) Pickaree had a PayPal account and consented to those terms and subsequent amendments.  (Docket Entry No. 18-1).  The Agreement in place at the time Pickaree filed her complaint included the following arbitration provision:

> You and PayPal each agree that any and all disputes or claims that have arisen or may arise between you and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify and so long as the matter remains in such court and advances only on an individual (non-class, non-representative) basis.  This Agreement to Arbitrate is intended to be broadly interpreted.  The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

5

(Docket Entry Nos. 18-1, 18-6).  Pickaree had a PayPal Business Debit Mastercard, which allowed cardholders to make purchases using either their personal bank account linked to their PayPal account or their PayPal balance.  (Docket Entry No. 18-1).  Pickaree entered into a Cardholder Agreement, which stated that it "supplements, but does not replace, the PayPal User Agreement and other applicable agreements between you and PayPal."  (Docket Entry No. 18-9).  The Cardholder Agreement included the following arbitration provision:

> Any claim, dispute, or controversy ("Claim") arising out of or relating in any way to: i) this Agreement; ii) your Debit Card; iii) the Debit Cards of any additional cardholders designated by you, if any; iv) your acquisition of the Debit Card; v) your use of the Debit Card; vi) the amount of available funds in the PayPal Account; vii) advertisements, promotions or oral or written statements related to the Debit Card, as well as goods or services purchased with the Debit Card; viii) the benefits and services related to the Debit Card; or ix) transactions on the Debit Card, no matter how described, pleaded or styled, shall be FINALLY and EXCLUSIVELY resolved by binding individual arbitration conducted by the American Arbitration Association ("AAA") under its Consumer Arbitration Rules.  This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act (9 U.S.C. 1-16).

(Docket Entry Nos. 18-1, 18-10).

Pickaree does not dispute arbitrability and has filed a brief in favor of arbitration. Pickaree's claims against PayPal fall within the Agreement's terms, and there is no dispute that the arbitration agreement is valid.  (Docket Entry No. 27).  When, as here, all the claims are covered by a valid arbitration agreement, the court should dismiss, not stay.  *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992).  PayPal's motion to compel arbitration as to all claims between it and Pickaree, (Docket Entry No. 18), is granted and the claims against PayPal are dismissed.  Because the claims are dismissed, other issues raised by Pickaree in her response, such as discovery and arbitration fees, are to be decided by the arbitrator.

Pickaree suggests in her response that her claims against Kim and Mastercard should also be subject to arbitration.  The court agrees with Kim and Mastercard, (Docket Entry Nos. 30, 33), that Pickaree has not provided a basis or pointed to an agreement agreement that would require Pickaree's claims against Kim and Mastercard to be resolved in arbitration.

### B.      The Claims against Brian Kim and Mastercard

Kim argues that Pickaree does not have standing to assert her claims against him because she has not alleged that she has suffered an injury in fact.  As Kim points out, Pickaree's complaint arises from a single incident in which she purchased hair care products from Beauty Sensation 1 LLC using her credit card and received a printed receipt that (1) contained the card's full expiration date, (2) Pickaree's name, (3) the name "Mastercard," and the (4) first digit and last four digits of her credit card number.  (*See* Docket Entry No. 1-2 at ¶ 38).  Pickaree acknowledges in her complaint that the first digit of a credit card number identifies the issuer of the car—in this case, Mastercard.  (*Id.*).  Pickaree argues that she has pleaded facts that give her standing by alleging Kim's technical statutory violation of the Fair and Accurate Credit Transactions Act's truncation requirement.

The truncation requirement states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).  The Act creates a cause of action against persons who negligently or willfully fail to comply with its requirements.  15 U.S.C. §§ 1681o, 1681n.

A court lacks power to decide a claim when a plaintiff lacks standing to bring the claim. Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the

likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  As "the party invoking federal jurisdiction," the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citation omitted).  The plaintiff must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation," which means that "on a motion to dismiss, [a] plaintiff[] must allege facts that give rise to a plausible claim of . . . standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).  When a complaint seeks multiple kinds of relief, the plaintiff must show standing "for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

The fact that a statutory violation is alleged is not sufficient to plead the injury requirement of standing.  In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the plaintiff sued Spokeo, a "people search engine," when he learned that Spokeo gathered and disseminated incorrect information about him. *Id.* at 333.  The plaintiff sued under the Fair Credit Reporting Act, which requires consumer reporting agencies such as Spokeo to follow reasonable procedures to assure maximum possible accuracy, among others. *Id.* at 335.  The Supreme Court emphasized that the mere fact that Congress created a cause of action under the statute was not sufficient to meet the constitutional standing requirement that each person have suffered a "particularized" injury that "affect[ed] the[m] in a personal and individual way." *Id.* at 339 (citations omitted).  For example, the Court noted that it would be "difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* at 342; *see also Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) ("Put differently, the deprivation of a right

created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" (citation omitted)).

Congress passed the Fair and Accurate Credit Transactions Act's truncation requirement to prevent "an increased risk of identity theft." *Jeffries v. Volume Servs. Am., Inc.*, 928 F.3d 1059, 1064 (D.C. Cir. 2019). When merchants have violated the truncation rule by printing a customer's complete credit card number on a receipt, courts have held that this displays enough information on the receipt to raise the customer's risk of identity fraud to support Article III standing. *Id.* at 1066–67. But when customers have alleged partial truncation, they must also allege how this supports an inference that they will be subject to an increased risk of identity theft. A failure to do so, even if a technical violation is alleged, fails to allege a concrete and particularized injury. *See Kamal v. J. Crew Grp.*, 918 F.3d 102, 106, 116–17 (3d Cir. 2019) (no standing based on the allegation that a merchant printed the first six and last four digits of a credit card number on the customer's receipt); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 928–34 (11th Cir. 2020) (similar); *Thomas v. Toms King (Ohio), LLC*, 997 F.3d 629, 640 (6th Cir. 2021) (similar); *Noble v. Nevada Checker Cab Corp.*, 726 F. App'x 582, 583–84 (9th Cir. 2018) (unpublished) (similar); *Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 117, 121 (2d Cir. 2017) (similar); *see also Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 727–29 (7th Cir. 2016) (no standing based on the allegation that the merchant failed to truncate the expiration date on printed receipt).

Pickaree alleges in her complaint that she received a printed receipt revealing her card's expiration date, the first digit of her card number (which represents only the issuer of the card), and the last four digits of her credit card number. "The factual allegations in this complaint do not establish an increased risk of identity theft either because they do not show how, even if [Pickaree's] receipt fell into the wrong hands, criminals would have a gateway to consumers'

personal and financial data.  Furthermore, [Pickaree] does not allege that the receipt was lost, stolen, or seen by a third set of eyes, inside or outside of Defendants' employ."  *Thomas*, 997 F.3d at 640.

Pickaree has not alleged a concrete and particularized injury sufficient to establish standing.  The court lacks subject-matter jurisdiction over Pickaree's claims against Kim.  Because the same reasoning applies to Pickaree's claims against Mastercard, the court also lacks subject-matter jurisdiction as to those claims.   Pickaree's claims against Mastercard and Kim are dismissed.

## III.   Conclusion

The court grants PayPal's motion to compel arbitration, (Docket Entry No. 18), as to the claims between Pickaree and PayPal.  The court grants Kim's motion to dismiss for lack of subject-matter jurisdiction, (Docket Entry No. 16), because the court lacks standing to hear Pickaree's claims against him.   The same reasoning applies to Pickaree's claims against Mastercard. Mastercard's motion for judgment on the pleadings, (Docket Entry No. 4), is moot.  Pickaree's response to Kim's motion, (Docket Entry No. 20), which is incorrectly filed as a motion, is terminated.  All claims are dismissed.

SIGNED on June 28, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

10